## Mark Mullins v. The State.

### No. 7239. Decided January 24, 1923.

**1.—Manufacturing Intoxicating Liquor—Indictment—Purpose of Sale—Negative Exceptions.**

An indictment for unlawfully manufacturing intoxicating liquor, need not allege that the same was for the purpose of sale, and under the present law the exceptions named in the statute need not be negatived in the indictment. Following Travino v. State, 92 Texas Crim. Rep., 140.

**2.—Same—Charge of Court—Requested Charges.**

Where the court's charge was sufficient and the requested charges on acquittal and burden of proof, and on accomplice's testimony, were properly refused, there was no reversible error.

**3.—Same—Accomplice—Corroboration.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the testimony of the accomplice was sufficiently corroborated and the evidence sustained the conviction, there is no reversible error.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*R. M. Lively,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State. Cited, cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Van Zandt County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment is sufficient. It need not allege that such manufacture was for purposes of sale. Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159. Under the present liquor law the exceptions named in the statute need not be negatived in the indictment. Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472. An indictment similar in form and charging the sale of spirituous and vinous and intoxicating liquor was held good in Travino v. State, 92 Texas Crim. Rep., 140, 242 S. W. Rep., 242.

The exceptions to the charge of the court present nothing of a character calling for any discussion. Special charges,—asking for an instructed verdict of acquittal, and that the burden of proof upon the State is not discharged by proof that appellant possessed equipment for making spirituous liquor,—or that he was prepared and intended to manufacture such liquor, were properly refused. The special charge on accomplice testimony presents the law of no feature of the case materially variant from the law as given on this issue in the main charge.

The question of the corroboration of the accomplice Rash is most urgently presented, and appellant insists that for the absence of such testimony a reversal should be granted. There is no question raised of the finding of a still upon the farm of appellant. Said still was located west of the dwelling house occupied by appellant, his family and one Dez Rash. The still gave every evidence of recent use. The boiler consisted of a fifty gallon steel drum or tank which had been

cut in two, the larger part being used as a boiler and the smaller to be fitted on as a cap. A furnace was sunk in the ground. A pit, large enough to contain several barrels of mash was also in the ground and covered with a lid. Said pit contained two fifty gallon barrels of mash already fermented at the time the still was found. A lighted swinging lantern, lit said pit. The lid to said pit was covered with boxing planks. which in turn were covered by roofing paper of the same kind with which the front of appellant's house was stripped. A path led from appellant's house to said still. On the occasion of the arrest the officers had gone to said farm with a search warrant, had looked around and failed to find appellant, and then went to his father's farm and then had returned to appellant's place. On this latter visit they found him coming from the direction of a place where the worm of the still was found hanging in a bush, still partially wet. Appellant had two old rusty tin buckets in his hands punched full of holes which he threw away when the officers approached him. They inquired of him where Dez Rash was and appellant pointed toward an old house some four or five hundred yards away and in the opposite direction from where the still was located, and told the officers that Dez Rash was at that house and that he would go with them and show them the way. In a few minutes they discovered Dez Rash a little distance from appellant. Shortly after this they discovered the still.

On the trial of the case Dez Rash testified as a witness for the State to the fact that he had lived with appellant about a month and that he and appellant were operating said still in partnership; that they had made two runs of whisky. He said that he was furnishing part of the material, sugar, shorts, etc., and that appellant was furnishing the remainder. A merchant with whom appellant traded testified that appellant asked him to buy for him five dozen fruit jars. He also stated that he had sold appellant sugar in quantities ranging from fifty cents up to as much as a hundred pound sack.

Vigorous attack was made on Dez Rash by the appellant, and statements made by him were placed in evidence attempting to fix upon him the ownership of said still. The reputation of this witness for truth and veracity was also attacked by the appellant and defended by testimony of the State. The only test made by law of the sufficiency of the evidence to corroborate that of an accomplice is that such evidence must of itself tend to connect the accused with the crime charged. We have carefully weighed and considered the testimony in this case and think it measures up to the standard laid down by the law. The still was found on the farm of appellant; the officer testified that he arrested appellant down about the still. There was a path leading from appellant's house to the still. The lid of the pit was covered with roofing paper of the same kind as that with which the front of appellant's house was stripped. Appellant evidently attempted to mislead the officers as to the location of Dez Rash at the time he was arrested, and to carry

them away from the locality of said Rash and said still. He had in his hands two buckets with holes punched in them which might easily be used for dipping mash. The mash contained sugar and shorts; appellant's purchase of sugar in quantities was shown. We would be unwilling to hold these circumstances did not tend to connect appellant with the manufacture of whisky, and to thus corroborate the testimony of Dez Rash. The law authorizes the conviction of one for crime upon the testimony of an accomplice, if such testimony make out a case and is believed by the jury to be true, and same is corroborated by other evidence tending to connect the accused therewith.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*