## Charlie Teague v. The State.

### No. 7909.    Decided March 5, 1924.

1.—Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error.

2.—Same—Indictment—Purpose of Sale.

It was not necessary for the State to allege or prove that defendant manufactured the liquor for the purpose of sale, or to allege or prove that its manufacture was not for one of the excepted purposes. Following Stringer v. State, 92 Texas Crim. Rep., 46, and other cases.

3.—Same—Evidence—Intoxication—Bill of Exceptions.

Where defendant excepted to the testimony that he had been seen intoxicated, but the bill of exceptions only contained the objection and no certificate as to the facts, the same cannot be considered on appeal.

4.—Same—Continuance—Testimony not True.

Where the undisputed evidence showed that at the very time the State's witness testifies to having seen defendant engaged in the manufacture of whisky, his wife was confined in childbirth and could not have testified as alleged in the application for continuance, the same was properly overruled.

5.—Same—Affidavit—Practice on Appeal.

An affidavit which was no part of the record in the lower court cannot be considered by this court.

**6.—Same—Rehearing—Continuance.**

Where the testimony of defendant himself shows him to have been in many situations and places where his wife could not possibly have been with him, there was no error in overruling the application for continuance to prove an alibi.

Appeal from the District Court of Colorado. Tried below before the Honorable Lester Holt.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*H. A. Townsend* and *Mathis, Heidingsfelder, Teague & Kahn,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with an assessed punishment of one year in the penitentiary.

The indictment alleges the offense to have been committed on or about the 23rd day of January, 1923. The evidence shows that Mrs. Banse, a sister-in-law of appellant, was at his house from the 21st to and including the 23rd of January, at which time Mrs. Teague was confined in childbirth, her sister being present to wait upon her. Mrs. Banse testified that during the time she was there, she saw the appellant manufacture alcohol in his smokehouse, at which time she was engaged in doing some washing in the front of it; that later she saw the brother of the appellant take a glass, go in the smokehouse and catch from the still a portion of the liquor and drink it. She asserted positively that the liquor manufactured was alcohol. She describes in detail a can with a copper coil running from it through a tub, and also a barrel partly filled with mash. Appellant admits having some whisky in the smokehouse but contends that he bought it at Wharton and left it in the smokehouse and told his brother where he would find it if he wanted a drink. The defensive testimony is to the effect that the can which Mrs. Banse claimed to be part of the still was used by the appellant and his brother for heating water for bathing purposes.

Another witness by the name of Sarter, who lived upon appellant's premises, testified that appellant brought a stove, barrel and can to his (witness') house and left it in his side room; that a pipe was fastened to the can and led to the barrel. Just when this is supposed to have been taken to the witness' house is not shown by the evidence,

but in a general way, his description of it conforms to that given by Mrs. Banse of the one claimed to have been by her in appellant's smokehouse. The apparatus was taken away from the witness' house some time after Christmas.

Appellant proved a splendid reputation and the evidence upon the issue of guilt was conflicting. Mrs. Banse and the other witnesses who testified for the State to criminative facts were related to the appellant and frankly admitted that they were not on very friendly terms with him at times. The case presents one of those instances where the jury is in a much better situation to judge of the credibility of the witnesses and the weight to be given to their testimony than this court can possibly be. The evidence of the State, if believed, was sufficient to authorize the jury to return a verdict of guilty, and we would be going beyond our province to set it aside on conflicting evidence.

It was not necessary for the State to allege or prove that appellant manufactured the liquor for the purpose of sale, or to allege or prove its manufacture was not for one of the excepted purposes. Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159; Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W. Rep., 1095; Mullins v. State, 93 Texas Crim. Rep., 474, 247 S. W. Rep., 285.

The State proved by Mrs. Banse that on visits to appellant's house previous to the time at which she claims to have seen him manufacturing whisky she had seen him intoxicated. Various objections were urged to the reception of this evidence but the bill of exceptions contains only the objections, and no certificate as to the existence of facts upon which they were based. A bill in this condition presents no error. (See Sec. 209, Branch's Ann. P. C., p. 134.)

Appellant made application for continuance on account of the absence of his wife, who was shown to be sick and unable to attend court. She had been properly subpoenaed. It is alleged in the application that the wife would testify that appellant never made any liquor on his premises; that she was present with him all the time and that he could not have made such liquor without her knowledge. It will be observed that the allegations as to the wife's proposed testimony are of the most general character, and it is doubtful if they are sufficiently specific to demand consideration. However, the undisputed evidence shows that at the very time the State's witness testifies to having seen appellant engaged in the manufacture of whisky in his smokehouse his wife was confined to her bed in child birth; therefore it was impossible for her to have known what, if anything, appellant was doing at another and different place. We think the learned trial judge committed no error in refusing the continuance in the light of the testimony developed on the trial.

Appellant attaches to his brief an affidavit purporting to have been made by Mrs. Banse. This was no part of the record in the lower court, and while it might be persuasive if presented to another branch of the government, it cannot be considered by us.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

March 5, 1924.

LATTIMORE, JUDGE.—But one question is presented in appellant's motion. He urges the error of the refusal of his application for continuance. We have again reviewed the record in the light of his insistence. The date of the alleged manufacture of intoxicating liquor was January 24th. His application for continuance was to secure the testimony of his wife, stated in the application to be ill and unable to attend court. What we may say is largely a repetition of what we said in the original opinion. It is in the record that appellant's wife was confined in childbirth on January 20th, four days before the date of the alleged manufacture herein, and that she was in bed from January 20th to the trial. The testimony of appellant himself shows him to have been in many situations and places where his wife could not possibly have been with him, and it appears without contradiction that she could not have known what was going on on the premises away from the room in which she was confined by illness. Manifestly the statement in the application for continuance that she would testify that she was present with her husband all of the time and knew that he was not engaged in the making of liquor, was but a conclusion in support of the testimony adduced on the trial. Her affidavit was not even attached to the motion for new trial.

The motion for rehearing will be overruled.

*Overruled.*