## MAYFIELD v. SON. (No. 6933.)

(Court of Civil Appeals of Texas. Austin. Dec. 2, 1925. Rehearing Denied Jan. 6, 1926.)

**1. Intoxicating liquors ⬤⟲329(2)—Burden on seller to bring himself within statutory exceptions legalizing sale.**

Under Pen. Code 1925, art. 666, burden is on seller, suing on note for price, to bring himself within statutory exceptions legalizing sale of intoxicating liquor.

**2. Intoxicating liquors ⬤⟲329(2) — Evidence held to warrant finding that defendant gave note for whisky.**

Evidence *held* to warrant finding that defendant gave note for balance due on whisky, and not to take up unpaid check given for whisky.

**3. Appeal and error ⬤⟲930(3)—Presumed that court found facts supporting its judgment.**

Under Rev. St. 1911, art. 1985, it will be presumed that court found issues not submitted as special issues so as to support its judgment.

**4. Intoxicating liquors ⬤⟲327(3)—Note given in payment for whisky is void.**

Note given in payment of balance due for whisky is void.

**5. Pleading ⬤⟲182—Allegations in supplemental petition held not admitted by defendant's failure to deny them.**

Where execution of note was admitted in answer, but avoidance thereof because of illegal consideration was pleaded, under oath, allegation in supplemental petition that note was given for balance due on check, though not denied, was not admitted; denial being presumed under Acts 1915, c. 101, § 3 (Vernon's Ann. Civ. St. Supp. 1918, art. 1829).

**6. Trial ⬤⟲25(11)—Requisites of admission by defendant, entitling him to open and close argument stated.**

Defendant's admission that plaintiff has good cause of action, except as defeated by de-

fense, to entitle defendant to open and close argument under district court rule No. 31, based on Rev. St. 1911, art. 1953, must be made before trial commences, and must relieve plaintiff from necessity of offering any evidence.

**7. Trial ⚮25(12)—Defendant, making plea of avoidance subject to his general denial, held not entitled to open and close.**

Where defendant relies on general denial, and makes plea of avoidance subject thereto, burden of proof on whole case is on plaintiff, and it is error to permit defendant to open and conclude argument.

**8. Appeal and error ⚮1046(3)—Error in permitting defendant to open and close argument no ground for reversal, if harmless.**

Error in permitting defendant to open and close argument, where plaintiff has burden of proof, is no ground for reversal, if harmless.

**9. Appeal and error ⚮1046(3) — Denying plaintiff's right to open and close argument held reversible error.**

Denying plaintiff's right to open and close argument under district court rule No. 31 (Rev. St. 1911, art. 1953), was reversible error, where defendant, who interposed general denial, also admitted execution of note, but alleged that it was given for whisky, and plaintiff's pleading and testimony were that he did not sell whisky, but furnished money to pay therefor by cashing defendant's check.

**10. Intoxicating liquors ⚮329(2)—That money obtained from plaintiff was used to pay for whisky held not necessarily to defeat plaintiff's right to recover.**

That money obtained from plaintiff, who cashed check, was paid to third person for whisky, *held* not necessarily to defeat plaintiff's right to recover on note given to take up unpaid check.

Appeal from District Court, Brown County; J. P. Woodward, Judge.

Action by J. C. Mayfield against Lee M. Son. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Jenkins, Miller & Harris, of Brownwood, for appellant.

BAUGH, J. Mayfield sued Son on a note for $800. As a defense Son pleaded that the note was void because given in payment for whisky purchased by him from Mayfield, in violation of state and federal laws. By supplemental petition Mayfield alleged that said note was given in settlement of a balance due him on a check for $960, signed by Evans & McIntosh, payable to Mayfield, delivered to him by Son, and payment of which was verbally guaranteed by Son. The testimony raised the issue as to whether the whisky was purchased from Mayfield or a Mexican, and the following question was submitted to the jury:

"Did Lee M. Son purchase the whisky in question from Crencencio Estancio, or did he purchase the same from the plaintiff, J. C. Mayfield?"

To which question the jury answered, "We find he bought the whisky from J. C. Mayfield." No other issue was submitted and none requested. The court in his judgment, however, made the following finding:

"And it appearing to the court, and the court so finds, that the note involved in this suit was given by the defendant, Lee M. Son, to the plaintiff, J. C. Mayfield, for whisky purchased by the defendant from the plaintiff, and that said purchase and sale was made in violation of the law, and that the consideration for said note was illegal and void."

The court rendered judgment against plaintiff and discharged an attachment lien theretofore levied on Son's interest in certain real estate in Brownwood. From this judgment Mayfield has appealed.

[1] Appellant's first assignment and proposition assert that, having pleaded the illegality of the contract to avoid it, the burden rested upon Son to plead and prove that such sale was in violation of the law, and that to do so he must show that the sale was not for sacramental, scientific, or medicinal purposes, and did not come within any of the exceptions in the state or federal laws which authorize sales of liquor. There, is no merit in this contention. On the contrary, when a sale of intoxicating liquor was shown, it was incumbent upon the seller to bring himself within the statutory exceptions as a defense, if he would legalize the transaction. 33 C. J. 664; article 666, Penal Code 1925; article 588¼ et seq., Vernon's Ann. Pen. Code Supp. 1922; Stringer v. State, 92 Tex. Cr. R. 46, 241 S. W. 159; Mullins v. State, 93 Tex. Cr. R. 474, 247 S. W. 285.

[2] In his second, third, and fourth propositions appellant insists that where an illegal transaction has been performed and money paid thereunder, or if supported by an independent consideration, and rights conferred, a court will not seek to unravel the transaction to discover its origin, citing numerous authorities. The correctness of these propositions may be conceded, but, under the trial court's findings of fact, we doubt their applicability to the instant case. Appellant has apparently briefed the case on his pleadings and his own testimony, as though his testimony established the facts conclusively. We have read the statement of facts, and find, on the contrary, that the trial court, in making the findings and rendering the judgment he did, must of necessity have repudiated or disbelieved appellant's material testimony where it was contradicted by the testimony of appellee. Manifestly the jury did likewise. Had Son paid Mayfield for the whisky, or had Evans

& McIntosh paid him for it, certainly they could not have recovered that payment; but the whisky was never paid for, except as to the $160 in cash paid by Son. It is not denied that this check was given in payment for whisky purchased by Son, in violation of law, and, as such, was void and uncollectable when payment was refused. There was no contention that Evans & McIntosh purchased the whisky. When the check Son gave him was turned down by the bank on which it was drawn, Mayfield went to Brownwood and demanded payment of the $960. He received $160 in cash and a note for $800. He said it was on the check. Son said it was for the whisky. The court chose to believe Son.

[3, 4] We have carefully read the cases of Hall v. Edwards (Tex. Com. App.) 222 S. W. 167, and Fred Miller Brewing Co. v. Coonrod (Tex. Civ. App.) 230 S. W. 1099, and make no dissent from the rules there laid down. Here, appellant insists that the consideration for the note was the oral guaranty of Son that he would make the check good. Son expressly denied that he made such guaranty. That issue was not submitted to the jury, nor was its submission requested. Under article 1985, R. S. 1911, it must be presumed that the court found thereon in such manner as to support his judgment. But the trial court expressly found, as he was authorized to do under the evidence, that the note was given, not to take up the unpaid check, but in payment of the balance due for the whisky. It is well settled that such notes are void. Balaguer v. Macey (Tex. Civ. App.) 238 S. W. 323; Garza v. Richmond (Tex. Civ. App.) 249 S. W. 889; Featherston v. Boxberger (Tex. Civ. App.) 255 S. W. 998.

[5] In his fifth and eighth propositions appellant insists that having alleged in his supplemental petition that said note was given pursuant to a verbal guaranty of Son to pay the check first given Mayfield, and such allegations not being denied by any amended or supplemental answer of appellee, such allegations must be taken as admitted. We cannot agree with this contention. In his answer the appellee admitted the execution and delivery of the note in question, but pleaded under oath an avoidance thereof because of illegal consideration. The special grounds urged in appellant's supplemental petition merely seek to defeat the special defense pleaded. In fact, the evidence offered by appellant as to such oral guaranty would have been admissible under a general denial by him of the allegations in appellee's answer, or, perhaps, even without any further pleading by plaintiff. Under the statute such a denial is presumed. See Vernon's 1918 Supp. to Civ. Stats. 1914, art. 1829, and annotations thereunder; Acts of 1915, c. 101, § 3. The effect of the supplemental petition was merely to join the issue as to the legality of the consideration for the note.

Under his sixth and seventh propositions appellant attacks as reversible error the action of the trial court in permitting appellee over the objection of appellant to open and close the argument without complying with district and county court rule No. 31, and in violation of article 1953, R. S. 1911. In approving appellant's bill of exception, the trial court qualified it by stating that the admission made in defendant's pleadings was sufficient to comply with district court rule No. 31. District court rule No. 31 is based upon article 1953, R. S. 1911. Nowhere does it appear that the admission by the defendant, appellee here, required by said article 1953 and rule No. 31 for district and county courts, was made, or filed, or entered of record by the court.

[6, 7] The right to open and close the argument has been held to be a valuable right, and the refusal of it by the trial court held to be reversible error. Meade v. Logan (Tex. Civ. App.) 110 S. W. 188; H. & T. C. Ry. Co. v. Montgomery (Tex. Civ. App.) 185 S. W. 633; Knight Realty Co. v. Williams (Tex. Civ. App.) 193 S. W. 168. And in order to avail himself of this rule and to bring himself within its terms, the admission "must be made before the trial commences, and must be such as to relieve the plaintiff from the necessity of offering any evidence in support of his case." McLain v. Robinson (Tex. Civ. App.) 269 S. W. 201; Meade v. Logan, supra; Caldwell v. Auto Sales Co. (Tex. Civ. App.) 158 S. W. 1030. In the case at bar, defendant's general denial was never withdrawn nor waived, and the plaintiff was not only required under the pleadings to offer his proof and make out his case, but did, in fact, do so. It is well settled that where defendant relies on a general denial, and makes his plea of avoidance subject thereto, the burden of proof on the whole case still rests upon the plaintiff, and it is error to permit the defendant to open and conclude the argument. Carter Music Co. v. Bailey (Tex. Civ. App.) 179 S. W. 547; Jackes-Evans Mfg. Co. v. Goss (Tex. Civ. App.) 254 S. W. 320.

[8-10] Such error is not ground for reversal where harmless (see Belt v. Raguet, 27 Tex. 471; Gaines v. Ann, 26 Tex. 340), but we are not prepared to say that the error in the case at bar was harmless. Plaintiff's pleadings and testimony were that Son had bought the whisky from a Mexican and that he had furnished the money to pay for it by cashing the check, payment of which Son guaranteed and later confirmed by executing the note. The only issue submitted to the jury was as to who sold the whisky. If plaintiff's contention is correct, the fact that the money paid to the Mexican was for an illegal purpose would not necessarily defeat appellant's right to recover against Son.

Mills v. Johnston, 23 Tex. 308; Lewis v. Alexander, 51 Tex. 591; Bonnie & Co. v. Blankenship (Tex. Civ. App.) 208 S. W. 934. This issue was sharply drawn and material to the disposition of the case. The error, therefore, requires a reversal of the case.

In view of a reversal, we deem consideration of appellant's eighth and ninth propositions unnecessary.

For the reasons given, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.