**WINTERS MUT. AID ASS'N v. CORUM.\***
(No. 7130.)

Court of Civil Appeals of Texas. Austin.
June 15, 1927.

Rehearing Denied July 6, 1927.

1. **Insurance** ⬉819(2)—**Evidence held to support finding that mutual aid association did not properly mail notice of assessment to insured before death, so that failure to pay did not forfeit membership certificate.**

In action on membership certificate of mutual aid association insuring life of plaintiff's wife, evidence *held* sufficient to support finding that defendant had not properly mailed notice of previous assessment to plaintiff, so that failure to pay did not forfeit membership certificate.

2. **Trial** ⬉350(8)—**Submission of uncontroverted question is unnecessary.**

Where it was not controverted in action on membership certificate of mutual aid associa-

tion that insured had not paid assessment, submission of such question was unnecessary.

3. **Insurance** ⬉817(2)—**Mutual aid association, asserting forfeiture for nonpayment of assessment, must show proper assessment, notice, and nonpayment.**

In action on membership certificate of mutual aid association, defendant, asserting forfeiture for failure to pay assessment, had burden to prove it by showing duly levied assessment, notice to insured, and failure to pay.

4. **Insurance** ⬉737—**Notice of assessment on membership of mutual aid association must be given in prescribed method before members can be held liable thereon.**

Notice of assessment made on membership of mutual aid association by board of directors must be given to members thereof before they may be held liable thereon, and method prescribed for giving such notice must be pursued.

5. **Trial** ⬉25(4)—**Mutual aid association held not entitled to open and conclude argument in action on membership certificate, notwithstanding burden to show forfeiture (Rev. St. 1925, art. 2183; district court rule 31).**

In action on membership certificate in mutual aid association, in which defendant at no time withdrew general denial or relieved plaintiff of necessity of making out case, plaintiff was entitled to open and conclude argument, since burden of whole case rested on him, notwithstanding defendant's burden to prove allegation of forfeiture due to nonpayment of assessments, in view of defendant's noncompliance with Rev. St. 1925, art. 2183, and district court rule 31.

6. **Trial** ⬉296(7)—**Refusal of instruction that defendant need not prove anything beyond reasonable doubt held not reversible error, in view of other instructions.**

In action on membership certificate against mutual aid association, refusal of instruction that defendant need not prove anything beyond reasonable doubt *held* not reversible error, notwithstanding counsel's argument that defendant must prove forfeiture beyond reasonable doubt, in view of other instructions.

7. **Appeal and error** ⬉930(2)—**Jury are presumed to have followed language of charge, rather than erroneous interpretation thereof by counsel.**

In absence of clear showing to contrary, it will be presumed that jury followed language of charge, rather than erroneous interpretation thereof by counsel.

8. **Appeal and error** ⬉1060(1)—**Improper argument, not affecting verdict, is not ground for reversal.**

Improper argument is not in itself sufficient ground for reversal, unless there is reason to believe that it affected verdict.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Action by B. F. Corum against the Winters Mutual Aid Association. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction November 2, 1927.

Alfred Crager and Parish & Crager, all of Ballinger, for appellant.

A. K. Doss, of Ballinger, for appellee.

BAUGH, J. Appellant is a local insurance organization in Runnels county, with headquarters at Winters, Tex., operated through a nonpaid board of directors and a paid secretary, upon a mutual aid assessment plan. B. F. Corum sued upon a certificate of membership issued by appellant to his wife, in which he was named the beneficiary. The association defended on the ground that it had made an assessment against Mrs. Corum on June 5, 1926, which she had not paid within the 15 days allowed therefor, and that such delinquency at the time of her death on July 4, 1926, had forfeited her insurance.

A certificate of membership was issued to each member, which, with the constitution and by-laws of the association, constituted the policy of insurance. The certificate bound the association to pay to the beneficiary $1 for each member in good standing at the time of the death of the insured, but in no event to exceed $1,000. It also provided that the insured agreed "to pay all assessments that may be levied by the directors of this association of $1, as needed, upon the death" of a member, and "within 15 days from the date of call for same, * * * and failure to pay such calls or dues within the time herein specified shall forfeit all claims as a member of this association." Said certificate further provided:

"And in giving notice of any assessment it shall not be necessary for the association to do more than mail a written or printed notice stamped and addressed to such member at his or her last known post office address."

The only issue submitted to the jury was whether or not notice of the assessment in question had been properly mailed to Mrs. Corum on or about June 4 or 5, 1926. The jury found that it had not, and the court rendered judgment for appellee for $1,000, interest, and costs.

[1] The first and principal contention urged by appellant is that the evidence was insufficient to support the finding of the jury on this issue. This contention is not sustained. The material evidence on this question was substantially as follows:

R. L. Stokes, secretary of appellant, testified that he printed notices of the assessment or "call" himself on postcards; that he then turned these over to J. C. Meredith, assistant secretary, who addressed these cards to all members of the association on the "addressograph"; that he (Stokes) then assorted them for mailing; that he distinctly remembered that a call addressed to Mrs. Corum, at Ballinger, was amongst these cards; that he placed Mrs. Corum's card in the stack going "south" to Ballinger, and put a rubber band around them; and that he then gave them to Meredith to be mailed. Meredith testified that he knew Mrs. Corum's name was on the stencil on which the addresses of all members appeared, and that he placed in the post office at Winters on June 4, 1926, the stack of cards handed him by Stokes, but did not know whether a notice addressed to Mrs. Corum was included therein or not.

B. F. Corum, appellee, testified in substance that he lived in Ballinger, Tex., and had had the same mail box in the post office there for some 30 years; that said box was opened by a combination known only to himself and the postal authorities, up until a short time prior to Mrs. Corum's death, when he showed his son this combination; that he went daily to the post office to get his own mail; that he never received for himself nor for his wife any notice of the June 5th assessment, designated as assessment No. 23; that he had received and paid promptly all previous assessments against his wife from No. 6 to No. 22; that his wife had been desperately ill for eight months prior to her death; that the first notice he received of assessment No. 23 was on July 2, 1926, in which he was advised by Stokes that Mrs. Corum was delinquent, and that a health certificate would be required before she could be reinstated; that he immediately sent Stokes a check in payment of said assessment, but same was rejected and returned to him.

The testimony of Meredith, assistant secretary, was of little or no probative value on the question of whether or not a notice properly addressed to Mrs. Corum was included in the package of cards he placed in the post office at Winters. The positive evidence on this issue is therefore really confined to Stokes' testimony that he had a distinct recollection that the individual notice addressed to Mrs. Corum was in the stack of cards, totaling 1,000 or more, sent out on that date; the testimony of Mr. Corum to the effect that he had a private post office box at Ballinger from which he got his mail daily in person, and that he received no such notice; and the testimony of the postmaster at Ballinger that it was improbable that such a notice, if mailed at Winters, would have been lost.

Both Stokes and Corum were interested witnesses, and the jury could believe or disbelieve either of them. They could properly have taken into consideration the improbability that Stokes would have remembered a particular notice to a particular individual, when he was hurriedly sending out on a form postcard the same notice to 1,000 or more other persons at the same time, and also the improbability that such a notice, if mailed, would have been lost in the United States mails, and from such facts and circumstances could have concluded that such a notice was never mailed to Mrs. Corum. They could have accepted as true the testimony of Corum, and rejected that of Stokes and Meredith altogether. Such was their prerogative; and

in the instant case they exercised it in Corum's favor. We think the evidence was sufficient to sustain their finding on this issue.

[2-4] Appellant's second contention is, in effect, that the court erred in the submission of the issue he did submit, and in not submitting the question of whether or not Mrs. Corum had paid said assessment No. 23. There was no error in this. It was not controverted that Mrs. Corum had not paid said assessment, and the submission of that question was not necessary. It is not denied that she was on June 5, 1926, a member of said association in good standing, a holder of a certificate, and entitled to all the benefits thereof. Her membership was recognized by the association, and continued unless she withdrew or forfeited her rights thereunder. Having asserted a forfeiture, it was incumbent upon the association to show it. To do so it must have shown that assessment No. 23 had been duly levied by its board ·of directors as prescribed both in the certificate and in the by-laws of said association; that notice thereof had been given, as prescribed, to such member; and that such member had failed to pay the assessment. Of necessity, notice of an assessment made upon the membership by the board of directors must be given the members before they could be held liable thereon, and the method prescribed for giving such notice must be pursued. 32 C. J. 1218, 1223 ; Mutual Reserve Fund Life Ass'n v. Hamlin, 139 U. S. 297, 11 S. Ct. 614, 35 L. Ed. 167. And as stated in 14 R. C. L. 985 :

"Where notice is required in order to establish a forfeiture for nonpayment of premiums, the burden is on the insurer to show that required notice was given. Such notice may be proved by evidence of the custom of the official mailing notice,· even if he had no independent recollection of the particular notice, though the inference so arising may be refuted; but it must be shown that the notice, if mailed, was properly stamped, and that it found its way into the custody of the postal authorities, and evidence of its nonreceipt may be received for the purpose of showing that it was not mailed."

Not only was appellant required to show a compliance with the terms of the certificate and of the by-laws, both in making a legal assessment and in giving notice thereof, but, having sought to avoid said certificate on the grounds of forfeiture, the court properly placed the burden of proof on it, on that issue, to do so.

Appellee by cross-assignment has attacked the validity of said assessment, on the ground that it was not made by the board of directors; but, since we have concluded that the

case should be affirmed anyway, we do not deem it necessary to discuss that question.

[5] Nor was appellant entitled, under the pleadings and the evidence, to open and conclude the argument. At no time did it withdraw its general denial, or relieve the appellee of the necessity of making out his case. The burden on the whole case still rested upon appellee, and appellant did not comply with the requirements of district court rule No. 31, and article 1953, R. S. 1911 (article 2183, R. S. 1925). This question was fully discussed by us in Mayfield v. Son, 278 S. W. 462, and numerous authorities there cited. Further discussion here is unnecessary.

In its last assignment appellant complains of improper argument of appellee's counsel in stating to the jury in his closing argument that:

"The burden of proof is upon the defendant to establish the mailing of notice of call No. 23, and they must prove it beyond a reasonable doubt, if you want to put it that way."

Appellant requested the court to instruct the jury that the defendant had no legal burden of proving anything beyond a reasonable doubt in the case, which request was by the court refused.

[6-8] Appellant cites us to cases holding that a charge by the court imposing such burden upon a party is erroneous. That is true. But in the instant case the court gave a proper charge to the jury on the burden of proof. The attorney's remarks were obviously a comment upon, and his interpretation of, the court's charge. His interpretation was erroneous, and his explanation improper. The charge further instructed the jury that they must receive the law from the court and be governed thereby, and in the absence of a clear showing to the contrary it will be presumed that,they followed the language of the charge, rather than an erroneous interpretation thereof made by counsel. Davis v. Kennedy (Tex. Civ. App.) 245 S. W. 263 ; Moore v. Moore, 73 Tex. 382, 11 S. W. 396. Improper argument is not in itself sufficient ground for reversal, unless there is reason to believe that it affected the verdict, which is not made to appear in the instant case. International, etc., Ry. Co. v. Irvine, 64 Tex. 535 ; Texas Indemnity Ins. Co. v. Wilson (Tex. Civ. App.) 281 S. W. 291 ; Nacklinger v. Prewitt, 294 S. W. 977, decided by this court on April 27, 1927.

Finding no error of sufficient gravity to require a reversal, the judgment of the trial court is affirmed.

Affirmed.