## CISCO MUT. LIFE INS. ASS'N v. FERGUSON. (No. 459.)

Court of Civil Appeals of Texas. Eastland.
June 15, 1928.

1. Insurance ⬯665(3)—That notice of assessment was not received is a circumstance bearing on issue of its mailing, necessary for forfeiture of certificate for nonpayment.

That, as testified by insured's wife, notice of assessment was not received, is a circumstance bearing on the issue of whether the insurance association mailed a notice, necessary for forfeiture of the certificate of membership for nonpayment of the assessment.

2. Insurance ⬯646(3)—Burden of proof of mailing notice of assessment, necessary for forfeiture of certificate for nonpayment, is on association.

On the controlling issue of whether notice of assessment was mailed, necessary for forfeiture of certificate for nonpayment of assessment in time limited, the burden is on the association sued on the certificate.

3. Appeal and error ⬯1010(1)—Finding of trial court, having reasonable support in the evidence, will not be disturbed.

Trial court's finding that notice of assessment was not mailed, having reasonable support in the evidence, will not be disturbed on appeal.

4. Insurance ⬯665(3)—Finding of nonmailing of notice of assessment necessary for forfeiture held supported by evidence.

Finding, in action on membership certificate against mutual life insurance association, that notice of assessment was not mailed, as was necessary for forfeiture for nonpayment of assessment, held supported by the evidence.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Oma Lee Ferguson against the Cisco Mutual Life Insurance Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Barker & Orn, of Cisco, for appellant.
Owen & Owen, of Eastland, for appellee.

LESLIE, J. Appellee, Oma Lee Ferguson, filed this suit against the Cisco Mutual Life Insurance Association upon a policy of insurance issued to her husband, William T. Ferguson, deceased. The parties will be referred to as in the trial court. The plaintiff is the beneficiary in the policy. To the plaintiff's cause of action the defendant association answered with a general demurrer, and specially pleaded that William T. Ferguson in his lifetime forfeited the policy sued upon, by reason of his failure to pay, within the time prescribed by the policy, an assessment made against him for the purpose of paying a like claim to the beneficiary of a policy held by a deceased member, L. J. Good.

The trial was before the court without the intervention of a jury, and, upon the conclusion of the testimony, judgment was rendered in favor of the plaintiff and against the association for the sum of $389; that being $1 for each member in good standing in the class to which the deceased Ferguson belonged at his death. From this judgment the association has perfected its appeal, and the case is before this court upon a record containing a statement of facts, as well as findings of fact and conclusions of law by the trial court.

After a careful review of this record we have concluded that a proper judgment has been rendered, and that it may be sustained upon the findings of the court to the effect that the association, upon the death of the said L. J. Good, failed to mail the notice of the assessment made upon that event to W. T. Ferguson, as required by the provisions of the certificate of membership and insurance held by the deceased, Ferguson.

The brief of appellant contains numerous propositions attacking the sufficiency of the testimony and the findings of the court upon the proposition just stated. They will be considered together.

The provisions of the policy material to the consideration of said propositions are:

"(2) That said member agrees to pay an assessment of $1.10 as needed upon the death * * * of any member of this class as hereinafter stipulated. * * * A failure to pay said dues and assessments within 15 days after date of call shall forfeit his membership in this association.

"(3) The said member agrees that this certificate shall only bind class No. 2 of this association to pay to Oma Lee Ferguson, who is constituted the beneficiary herein, * * * the sum of $1 for each member in good standing

at the time of the accrual of such claim who pays the assessment levied therefor, in no case to exceed $1,250, and provided, further, that the insured herein shall be in good standing at the time of his or her death."

"(6) In sending out assessment notices, it shall not be necessary for said association to do more than mail a written or printed notice, properly stamped and addressed to said member at his or her last known post office address."

Under the allegations of a supplemental petition the plaintiff contended that the association never mailed to herself or her husband the alleged first notice (upon which forfeiture is predicated) of the death of L. J. Good, and specially contended that, after the expiration of the 15 days within which such first call should have been made by the association, it mailed a notice, designated "second notice," to the insured of the death of said Good, and that upon the receipt of this notice, and within 15 days from the receipt thereof that assessment against her husband was tendered to the defendant association, and that it accepted the same. This contention upon the part of the plaintiff was strenuously contested by the defendant. From the record there is no doubt that, upon the receipt of the second notice and within 15 days from that call, Ferguson's assessment in favor of Good's beneficiary was tendered, and it will be unnecessary to discuss that phase of the case further, since the vital question, and the one which is determinative of this appeal, is whether or not the association ever mailed to the Fergusons the first notice of an assessment by reason of the death of Good.

[1] The evidence bearing upon this issue will not be set out in detail, but the testimony of the plaintiff, Mrs. Ferguson, is very positive, and to the effect that no such first notice of said assessment was ever received by her or her husband. This is a circumstance bearing upon the issue as to whether such notice was ever mailed by the association. As stated in State Division, Lone Star Insurance Union, v. Blassengame (Tex. Civ. App.) 162 S. W. 6:

"This testimony, we think, not only raised the issue as to the mailing of such notices within the by-laws, but also supports the verdict of the jury, finding that such notices were in fact not mailed at the times indicated."

[2] From this authority, and that of Winters Mutual Aid Association v. Corum (Tex. Civ. App.) 297 S. W. 238, it will be observed that upon said controlling issue the burden of proof was upon the defendant to establish the fact that such notice was mailed. In connection with the above testimony, Mrs. Ferguson admitted the receipt by herself and husband of the alleged "second notice" of the assessment by reason of Good's death, and that notice was produced in court.

Mr. Yates, secretary of the defendant association, testified quite positively that he sent out the first notices of Good's death,

mailing them May 20, 1927; that the notices included one to the deceased, William T. Ferguson, who did not pay the assessment upon that notice within the 15-day limit prescribed in the policy. This witness, in support of his testimony, explained how the postal cards or notices were addressed by means of an addressograph or stencil machine, containing a plate upon which was the name of William T. Ferguson. Upon cross-examination, and in answer to the question whether he had any independent recollection of having mailed to the deceased, Ferguson, the first notice in question, the witness replied:

"As to how I know: We have the stencils on file in a drawer, alphabetically, in a steel drawer; we run them through a machine, and they can go through only one at a time, and we check them after they go through. As to whether I remember definitely of checking the name of William T. Ferguson: I don't particularly remember that name right then; but I checked the list, and they were all mailed. I have no particular recollection of checking the name of William T. Ferguson."

There is other testimony in the record bearing upon the issue as to whether the original first notice was ever mailed by the defendant. The trial court found:

"That no such notice of an alleged assessment as above described was ever received by the said William T. Ferguson, and the said defendant association failed to prove by a preponderance of competent evidence that one of said notices of said alleged assessment was ever mailed to the said William T. Ferguson."

Upon request for additional findings the court—

"further concludes as a matter of both fact and law the said Ferguson did not receive said alleged first notice."

[3, 4] There is nothing uncertain in the court's findings, and it is hardly necessary to cite authorities to the effect that the conclusions of a trial court, having reasonable support in the evidence, are not assailable on appeal. Richardson v. Ames et al. (Tex. Civ. App.) 2 S.W.(2d) 517; Cottle v. Jefferson Securities Co. (Tex. Civ. App.) 272 S. W. 819; Texas Pac. Coal & Oil Co. et al. v. Belcher et al. (Tex. Civ. App.) 265 S. W. 1081.

Sitting as a trial court without the intervention of a jury, it was incumbent upon the court to perform the functions of a jury, in that it became the exclusive judge of the facts proved, of the credibility of the witnesses, and the weight to be given to the testimony. The issue upon the mailing of the first notice having been raised by competent testimony, the trial court resolved that issue against the defendant association and in favor of the plaintiff. Upon this record we would not be warranted in disturbing the judgment, for the trial court in reaching its conclusions had a right, and it was its duty, to weigh and consider the testimony, under the well-recognized rule stated in Houston E.

& W. T. Ry. Co. v. Runnels, 92 Tex. 307, 47 S. W. 972:

"It is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable."

In the instant case the defendant's testimony relative to the mailing of the first notice came also exclusively from an interested witness, Yates, the secretary of the association. It was clearly within the province of the trial court to disregard his testimony upon that issue altogether, if it elected to do so. But, as is more probable, the court may have rested its judgment upon the uncertainty of said witness' evidence by reason of its intrinsic weakness, in that said witness in testifying, frankly stated that he had "no particular recollection of checking the name of W. T. Ferguson" at the time he mailed to numerous persons individual notices of assessment in favor of Good's beneficiary.

The issue as to whether or not the first notice of the assessment by reason of the death of L. J. Good was mailed to Ferguson, as required by the terms of the policy, having been resolved against the defendant, and since upon receipt of the designated "second notice" of that assessment payment thereof was made or tendered to the association in due time, it is not believed that the benefits of the policy of insurance should be forfeited to the beneficiary Mrs. Ferguson. Upon the contested points the facts favorable to her recovery are substantially as strong as those in Mutual Life Insurance Association of Texas v. Lillard (Tex. Civ. App.) 5 S. W.(2d) 586, and Winters Mutual Aid Association v. Corum (Tex. Civ. App.) 297 S. W. 238. In each of these cases judgment in favor of the beneficiary was upheld.

For the reasons assigned, the group of propositions discussed are overruled. It is unnecessary to consider the other propositions in the record.

The judgment of the trial court is affirmed.