## L. E. WHITHAM & CO. v. ALLEN.

### No. 4076.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1933.

Rehearing Denied Nov. 22, 1933.

Sanders & Scott, of Amarillo, for appellant.

Reynolds & Heare, of Shamrock, for appellee.

MARTIN, Justice.

A truck alleged to have belonged to appellants collided with an automobile driven by appellee on one of the streets of Shamrock. Appellee brought suit for damages to his car and for certain personal injuries and as grounds of negligence against appellants, alleged:

"(a) Because the said truck of the defendant was then and there operated at a dangerous and reckless and unsafe and unlawful rate of speed, or to-wit, at a speed of 35 miles per hour.

"(b) In that the defendant did not look to the right of said truck as he approached Wall Street and observe the plaintiff driving north on Wall Street and slow down said truck so as to give to the plaintiff the right of way and in driving on to Wall Street and near to the path of the plaintiff.

"(c) By operating said truck on to Wall Street when this plaintiff was proceeding North on Wall Street and to the right of said truck and had the right of way across said crossing and so near to the car of this plaintiff that it was impossible for this plaintiff to change his course or stop in time to prevent the collision and running together of said vehicles."

The existence of the facts upon which these three grounds of negligence are based were separately submitted by the court to the jury with appropriate corollary issues. The jury answered all issues submitted favorably to the appellee and judgment was entered against appellants for the sum of $475 with 6 per cent. interest thereon.

It is first contended by appellants "that there is no evidence to be found in this record disclosing that the rate of speed testified to by appellee was in violation of the city ordinance of Shamrock, Texas, or that the city of Shamrock was incorporated," and further that there is no evidence of any probative force that the collision occurred in either an incorporated or an unincorporated town.

Appellee testified without contradiction that the truck was going not less than thirty-five miles an hour "when it struck me," and that this occurred at the intersection of Wall and Second streets in Shamrock.

Article 827a, § 8, Vernon's Ann. P. C., in substance, makes it unlawful to operate or drive any motor vehicle within or through any town or village whether incorporated or not, at a greater rate of speed than twenty miles per hour. Courts judicially know the result of a census taken under federal authority. Hufstedler v. City of Lub-

bock (Tex. Civ. App.) 40 S.W.(2d) 982; 23 C. J., page 161. We therefore know that Shamrock is a city with a population of 3,780 according to the federal census of 1930. It is immaterial, under the statute, whether or not it was incorporated. The operation of appellant's vehicle in violation of said statute, which constituted negligence per se, was, we think, sufficiently shown to support the judgment rendered.

In many of the issues submitted by the court to the jury, he refers to "the truck of the defendant." All of these were objected to in the trial court as being on the weight of the evidence in assuming that the truck belonged to the defendant when the same was a controverted issue.

The court did assume the ownership of the truck and such assumption was upon the weight of the evidence and erroneous, provided there was a legal issue made by the evidence as to its ownership. Appellee testified that he had worked for appellants and further testified, in part: "L. E. Whitham owned the truck. He gave me a check with his name on it for my work. * * * There was no other contractor in Shamrock. I will swear it was L. E. Whitham & Company's truck. I know it of my own knowledge. * * * They had been paving for quite a while using Fords until they bought these." Appellant introduced no evidence whatever. The personal ownership of this truck was a fact peculiarly within the knowledge of appellants. They knew, of course, whether or not it belonged to them, but they preferred to remain silent. We find nothing in the record which we think would authorize us to discredit the testimony of appellee.

"The rule that the uncorroborated testimony of interested witnesses, although not controverted, does not conclusively establish a fact, is not applicable where the nature of the testimony is such that it might readily be discredited, if it were not true, and the adverse party offers no disparaging proof whatever." Luling Oil & Gas Co. v. Edwards (Tex. Civ. App.) 32 S.W.(2d) 921, 926. See, also, 17 Tex. Jur. p. 302, §§ 86 and 87.

The facts here make this rule particularly applicable. In the vernacular of the street, the appellants "listened" in the lower court when they should have "talked." Under such circumstances, they ought not to be heard now to "talk when they should be listening."

In submitting the grounds of negligence set out in paragraph (b) above copied, it is claimed that certain errors were made by the court with respect to such issue. The judgment rendered, however, finds ample support in both the pleading and proof of the ground of negligence particularly set out in paragraph (a) above. The error therefore of the court in improperly submitting an-other ground of negligence alleged was harmless. West Texas Coaches v. Madi (Tex. Com. App.) 26 S.W.(2d) 199, 202, and authorities there collated.

No error being assigned which justifies a reversal, the judgment is affirmed.