## MUTUAL LIFE & LOAN ASS'N OF AMERI- CA v. WYLIE et al.

### No. 1392.

Court of Civil Appeals of Texas. Eastland.

Feb. 22, 1935.

Sullivan & Wilson, of Dallas, for plaintiff in error.

J. A. Johnson and J. B. Keith, both of Stephenville, for defendants in error.

LESLIE, Justice.

Mollie Wylie, the beneficiary in an insurance policy, joined by her husband, filed this suit to recover on the policy issued by the Mutual Life & Loan Association of America on the life of Mrs. M. E. Fulfer, her mother. The defendant corporation denied liability. The trial before the court, without a jury, resulted in a judgment in favor of the plaintiff for $157, with the right to have the insurance company assess its members to raise the fund, etc. The association prosecutes error to this court, and predicates error in the action and rulings of the trial court on two propositions.

The first asserts that the court erred in rendering the judgment on March 2, 1934, since that term of the court expired March 3d. This error is based upon rule 66 for County and District Courts, which reads as follows: "A cause that has been submitted for trial to the judge on the law and facts shall be determined and judgment rendered therein during the term at which it has been submitted, and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued after such submission for trial, by the consent of the parties placed on the record, and in such event a statement of facts and bills of exception shall be prepared and filed upon a request in writing by either party."

■ The plaintiff in error was not specifically informed, either at the time of the entry of the judgment, or prior thereto, that it would be entered on that day. After the adjournment of the court, the association sent in its motion for a new trial, and it seems to have been filed and overruled long after the adjournment of the term of court in which the judgment was entered. It was, therefore, without value as a motion for a new trial.

■ We are of the opinion, however, that the court's action in entering the judgment in violation of rule 66 was error, but it appears from the record to be harmless. We have read and considered the contents of the motion for a new trial, and each question raised thereby either has been or could have been presented to the court in this writ of error proceeding. It will be observed that the trial was before the court who had in each instance made a ruling which could be presented for review without the necessity of raising the same for the first time in a motion for a new trial. Phillips Pet. Co. v. Booles (Tex. Com. App.) 276 S. W. 667.

We have, therefore, carefully considered the points urged in the purported motion, and since that is equivalent to the plaintiff in error's having duly filed its motion for a new trial and had it acted upon, we think the error in entering the judgment in violation of the rule is harmless.

■ The proposition challenging the sufficiency of the testimony to support the judgment is, we think, without merit. In any event, the testimony was conflicting and the

trial court resolved it in favor of the plaintiff. It will not be disturbed by this court. The evidence, we think, is fully as strong as that upon which the judgment rested in Cisco Mutual Life Ins. Ass'n v. Ferguson (Tex. Civ. App.) 8 S.W.(2d) 546; Mutual Life Ins. Ass'n of Texas v. Lillard (Tex. Civ. App.) 5 S.W.(2d) 586; and Winters Mutual Aid Ass'n v. Corum (Tex. Civ. App.) 297 S. W. 238.

For the reasons assigned, the plaintiff in error's assignments are overruled, and the judgment is affirmed.