## LONE STAR MUT. LIFE ASS'N v. KLANDER.

No. 2933.

Court of Civil Appeals of Texas. Beaumont.
March 26, 1936.

Rehearing Denied April 1, 1936.

W. J. Embrey and Richard Spinn, both of Brenham, for appellant.

Pennington & Bouldin, of Brenham, and Mathis, Thomas & Glover, of Houston, for appellee.

WALKER, Chief Justice.

This appeal was filed in the Galveston Court of Civil Appeals and transferred to this court by orders of the Supreme Court.

By her original petition appellee, Josephine Klander, alleged that on the 26th day of June, 1933, appellant, Lone Star Mutual Life Association, issued to her husband, Henry F. Klander, a policy of insurance in the sum of $1,000 in which she was named beneficiary; that the policy was continued in force and effect until the death of insured on August 14, 1933, and the other essential facts of her cause of action. Appellant answered by general denial and by plea that the insured committed suicide; as a part of this plea it pleaded certain provisions of the policy to the effect that suicide of a member within two years after the issuance of the policy, or on reinstatement thereof, forfeited its benefits. We quote appellee's summary of her second supplemental petition in answer to that plea and of appellant's reply to this supplemental petition:

"She alleged that she was entitled to recover upon Policy No. B–1396 issued June 26, 1933, in connection with policy issued January 1, 1931. She alleged that at the time of the issuance of No. B–1396, defendant Insurance Company contracted with the insured; that if he would accept No. B–1396 that the Insurance Company would permit him to retain the benefits of the original certificate under his new policy and that he would be entitled to all of the benefits and privileges of his policy of 1931, and that his rate of premium would be assessed upon the basis of his age in 1931; that he so accepted the same and that, therefore, on August 14, 1933, the date of insured's death, his benefits were in effect as of the date of January 1, 1931, and that therefore suicide could not be a defense, for the reason that his death occurred long after two years from 1931 had expired.

"The defendant Association then filed its Second Supplemental Answer denying the allegations of the Second Supplemental Petition of plaintiff, together with numerous exceptions thereto."

The case was submitted to the jury upon the three following questions, answered as indicated:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the defendant Insurance Company, delivered to Henry F. Klander, in person or by mail, the letter introduced in evidence, marked Exhibit '3–P' ?" Answer: "Yes."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the insured, Henry F. Klander, satisfied the defendant, Insurance Company, as to back dues and assessments, if any, before the issuance of the policy on June 26th, 1933, and received the said new policy just as other old members laboring under no disabilities?" Answer: "Yes."

"Special Issue No. 3. Do you find from a preponderance of the evidence that the insured, Henry F. Klander, committed suicide, as defined herein?" Answer: "No."

On the verdict judgment was entered in favor of appellee for $1,000, with interest at 6 per cent. per annum from April 5, 1935.

The jury's answer to question No. 3 is well supported by the evidence. The deceased was a prosperous farmer about fifty-four years old, living happily with his

wife and several children on a farm. He was not oppressed by debt, was in good health, was not of a melancholic disposition, and had no enemies. On Saturday before his death he had a pleasant conversation with certain friends and made an appointment with one man to do certain work on the following Monday. Rabbits had been destroying his potatoes, and in the early mornings he would go to his pasture near his house to shoot rabbits. Shortly after he left the house, the family heard one shot from his gun, and after a short delay a second shot. When he failed to return for breakfast, a search was made for him and he was found dead near a wire fence. The position of his body, the range of the wound, the powder burns on his right hand, indicated that in trying to take his gun through the fence he accidentally discharged it, thereby causing his death. The further circumstance should be mentioned that the deceased owned and had in his home a double-barrel twelve-gauge shotgun, with a supply of ammunition for that gun. On this evidence we have concluded that the verdict of the jury answering question No. 3 should be sustained.

■ As the judgment is supported by the jury's answer to question No. 3, the form of questions Nos. 1 and 2, the failure of the court to submit other questions in connection with questions Nos. 1 and 2, the ruling of the court on appellant's exceptions and demurrers against appellee's pleadings raising the issues submitted by these questions, the sufficiency of the evidence to support the jury's answer to these questions, the exclusion of testimony on the issues submitted by these questions, become immaterial. Glens Falls Ins. Co. v. Bendy (Tex.Civ.App.) 39 S.W.(2d) 628; Curtiss-Wright Flying Service v. Williamson (Tex.Civ.App.) 51 S.W.(2d) 1047, 1049; Whitham & Co. v. Allen (Tex.Civ. App.) 64 S.W.(2d) 1024, 1025; Templeton v. Northern Texas Traction Co. (Tex.Civ. App.) 217 S.W. 440, 441.

■ The court did not err in refusing to permit Harry Kirklebach, an officer of appellant, to testify that two of appellee's sons, after the death of their father, went to his office "and asked whether the policies of their father were in good standing and paid up and whether the association would pay off if it was suicide." Neither appellee nor appellant offered these boys as witnesses; appellant sought to offer this statement by the boys as original testimony. The boys had no interest in this policy, and it was not shown that appellee sent them to appellant or knew that they were going to appellant's office. The testimony was pure hearsay; and it is immaterial that the boys were interested in a policy not involved in this suit.

■ The insured had given to appellant his note for $26.40. On the trial it became material to show the consideration for this note. Appellee had introduced testimony tending to show that the note was in payment of all delinquent dues, and appellant's secretary had testified that the note was advance payment of four months' dues from the date of the note. On the theory that a notation on the face of the note would show the consideration, appellee, in open court, demanded of appellant its production. Appellant's agent testified that the note was in possession of its attorney, and the attorney, in open court, refused to produce the note. Thereupon the court required the witness to answer the question "if witness knew why his counsel or lawyers refused to let the plaintiff's attorney have the note, or turn the note over to them." To the question the witness answered, "No." The court did not err in compelling the witness to answer the question; but, in any event, the negative answer rendered it harmless.

After the pleadings were closed appellant presented to the court the following motion, which was overruled:

"Defendant admits that the insured, Henry F. Klander died in Washington County, Texas, on August 14th, 1933, and that the defendant had theretofore on June 26th, 1933, issued its policy contract to said Henry F. Klander, in the sum of $1,000.00 payable on his death to his wife, Josephine Klander, the plaintiff herein, and that the said policy contract or mutual benefit certificate was valid and in force at the time of his decease as herein sued on, and that the plaintiff is entitled to recover thereupon, except in so far as that the same is avoided by reason of the suicide of the said insured, Henry F. Klander, which suicide is plead as a defense to the plaintiff's recovery herein on such mutual benefit certificate or policy contract. That the only issue in the case is whether or not the insured, Henry F. Klander, committed suicide at the time of his death.

"That if the said Henry F. Klander did not commit suicide at the time of his death,

plaintiff is entitled to recover on such policy, herein sued on, but if he did commit suicide at the time of his decease, then she is not' entitled to under the terms of such policy and certificate, to recover thereon, and sued for herein, and the defendant is entitled to be discharged. That the only issue being whether or not insured committed suicide, in avoidance of such policy, and under the law, the burden of proof being upon the defendant to establish that the deceased did commit suicide at the time of his decease, the burden in the case rests upon the defendant, and by reason thereof, the defendant is entitled to open and conclude the case and is entitled to open and conclude the argument in this case."

After the conclusion of the testimony this request was renewed by appellant and refused by the court.

▆ The trial court did not commit error in refusing appellant's motions. ·Appellant was in error in stating in its motion "that the only issue in the case is whether or not the insured, Henry F. Klander, committed suicide at the time of his death." By her pleadings appellee raised two issues: (a) The issue stated by appellant in its motion, and (b) the additional issue that by contract with the deceased appellant reinstated the 1931 policy on terms and conditions that made the "suicide clause" run from the date of the 1931 policy and not from the date of the 1933 policy. By its motion appellant conceded only appellee's allegations in relation to the 1933 policy. It did not withdraw its general denial to the allegations of the 1931 policy. Appellee could have conceded that her husband committed suicide and yet, on the allegations of her trial pleadings, well supported by the testimony and found in her favor by the jury's answers to questions 1 and 2, she would have been entitled to judgment on the 1931 policy.

▆ Appellant correctly contends that, in order to secure the right to open and close under rule 31, it is not necessary to concede the allegations of "a supplemental petition," that is, a statutory or technical supplemental petition, a pleading filed in reply to the defendant's answer. Appellant's proposition was thus stated by the court in Taber v. Eyler (Tex.Civ.App.) 162 S.W. 490, 495: "The office of a supplemental petition is to reply to the answer, and not the statement of the cause of action required to be made in the original petition. The admission of the appellees in this case was

that appellants had a good cause of action, except as the same should be defeated by their answer. * * * It was only an admission of the cause as originally pleaded and to which appellees were then answering. As hereinbefore said by us, in this case, we think the burden was on appellees to establish their defense, and we do not think the court committed error in permitting them to open and conclude. * * * The admission did not include the allegation in the supplemental petition." See, also, Smith v. Traders' National Bank, 74 Tex. 541, 12 S.W. 221, 222. But these authorities construed a supplemental petition filed by the plaintiff in "reply to the answer, and not the statement of the cause of action required to be made in the original petition." Appellee's supplemental petition in this case was not in reply to appellant's answer, but was the statement of an affirmative cause of action, independent of and with no relation whatever to appellant's plea of suicide. As stated above, appellee could have conceded every fact alleged by appellant and every contention made by it except the defense of general denial, and supported her judgment by the allegations of her supplemental petition and the jury's answers to questions 1 and 2. In order to have any standing in court whatever, appellant was compelled to rely upon its general denial. In Winters Mutual Aid Ass'n v. Corum (Tex.Civ.App.) 297 S.W. 238, 240, the court said: "Nor was appellant entitled, under the pleadings and the evidence, to open and conclude the argument. At no time did it withdraw its general denial, or relieve the appellee of the necessity of making out his case. The burden on the whole case still rested upon appellee, and appellant did not comply with the requirements of district court rule No. 31. * * * This question was fully discussed by us in Mayfield v. Son, 278 S.W. 462, and numerous authorities there cited." To the same effect, clearly holding that appellant's motion was correctly overruled because it failed to withdraw its general denial, see, also, McLain v. Robinson (Tex.Civ.App.) 269 S.W. 199, 201; Mayfield v. Son (Tex. Civ.App.) 278 S.W. 462; Smith v. Frost (Tex.Com.App.) 254 S.W. 926.

It is immaterial on the issue before us that appellee pleaded one of her affirmative causes of action by way of supplemental petition instead of by an original petition, or that the court may have erred in overruling appellant's demurrers to this plea. The point is that appellee sought recovery

upon two independent, affirmative grounds, each constituting a good cause of action, and each requiring a separate, independent answer; therefore, appellant could not have the right to open and close without conceding her affirmative allegations on both causes of action, which it did not do.

The judgment of the lower court is in all things affirmed.